FILED
2012 SEP 13  PM 3: 09

PRO PER:

Delray Richardson p/k/a Delray d/b/a Del Funk Boy Music
and Sterling A. Snyder d/b/a Zion Records

2191 E. 21st Street, Box - K
Signal Hill, CA 90755
323-440-0855

**CV12-7925** ABC (SHx)

| | |
|---|---|
| DELRAY RICHARDSON p/k/a DELRAY d/b/a DEL FUNK BOY MUSIC, an individual, and STERLING A. SNYDER d/b/a ZION RECORDS, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>CBS STUDIOS, INC., d/b/a CBS TELEVISION DISTRIBUTION, a division of CBS Corporation, a Delaware Corporation,<br><br>    Defendant. | #Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT;**<br>4. **UNJUST ENRICHMENT;**<br>5. **UNFAIR COMPETITION;**<br>6. **FRAUD;**<br>7. **NEGLIGENT MISREPRESENTATION; and**<br>8. **AN ACCOUNTING** |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### COMPLAINT FOR COPYRIGHT INFRINGEMENT AND AN ACCOUNTING

Plaintiffs Delray Richardson p/k/a Delray d/b/a Del Funk Boy Music ("Delray")

and Sterling A. Snyder d/b/a Zion Records ("Snyder") (collectively "Plaintiffs") sue CBS

Studios, Inc. d/b/a CBS Television Distribution ("CBS"), and state:

### NATURE OF ACTION

1.    This is a civil action seeking damages and injunctive relief for copyright

infringement arising under 17 U.S.C. §§ 501, *et seq* (referred to herein as the "Copyright

Act"), and other related causes of action.

PAID

SEP 1 3 2012

Clerk, US District Court
COURT 4612

## THE PARTIES

2.   Plaintiff Delray is an individual residing in Los Angeles County, California.

3.   Plaintiff Snyder is an individual residing in Los Angeles County, California.

4.   Upon information and belief, Defendant CBS is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles County, California.  CBS is one of the major producers and distributors of television programs.

## JURISDICTION AND VENUE

5.   Federal jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338 in that the controversy arises under the Copyright Act of 1976 (17 U.S.C. 101 *et seq*).  This Court also has jurisdiction over Plaintiff's state law claims under the general supplemental jurisdiction of this Court under 28 U.S.C. §1367.

6.   Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendants' conduct resulted in actionable conduct within this District.

7.   This Court has personal jurisdiction over Defendants on the grounds that they are doing business in this State and District and have purposefully availed themselves of the jurisdiction of this Court by transacting business in this District and the State of California concerning the audio-visual works and copyrighted materials at issue in this action.

8.   Defendants all prepare, among other things, television programming that is distributed and transmitted in the State of California and within this District.  Defendants

PLAINTIFFS' COMPLAINT - 2

have further distributed and transmitted within this State and District television programming that used Plaintiffs' copyrighted audio-visual works without authorization.

## FACTUAL BACKGROUND

9.     Plaintiff Delray is an established music producer and composer who, among other things, creates, composes, writes, arranges, programs, mixes, remixes, routes and processes sound recordings and underlying compositions for various musical recording artists and record companies.

10.     Plaintiff Snyder is an established music executive and chief financial officer for recording company Zion Records which owns and controls the rights to (2) of the underlying sound recordings also known as the master recordings (the Master's ).

11.     Defendant CBS is a major American television network

12.     In or around 2003, Plaintiff Delray invested substantial funds and time to compose the music and author the compositions entitled "Love You So", "I Don't Care", " Mr. Ex feat. Delray", "Church", "Bumpin", "Bongos", "Latin", "Red Balloon", "Sexy Baby", "Layla Song" "Slow Down", "Party" , "The Streets" , and "ODB" , (the "Delray Musical Compositions").

13.     Thereafter, Plaintiff Delray recorded the sound recordings embodying the Delray Musical Compositions (the "Delray Sound Recordings").  The Delray Musical Compositions and the Delray Sound Recordings are original works created and authored by Plaintiff Delray.

14.     In or around 2003, Plaintiff Snyder invested substantial funds and time in the production of the master recordings entitled "Give It To Me" and "Mr. EX feat. Delray" (the "Snyder Master Recordings"). The Delray Musical Compositions and the Snyder Sound Recordings are hereinafter collectively referred to as the "Musical Compositions / Sound Recordings ."

15.     Thereafter, Plaintiff Snyder recorded the sound recordings embodying the Musical Compositions (the "Snyder Sound Recordings"). The Snyder Sound Recordings and the Snyder Master Recordings are original works commissioned and financed by Plaintiff Snyder. The Delray Sound Recordings and the Snyder Sound Recordings are hereafter collectively the "Sound Recordings".

16.     Notably, Plaintiff Delray provided a featured songwriting and vocal performance for the musical composition and corresponding sound recording entitled "Mr. EX feat. Delray", a sound recording that was released on the 2003, debut album entitled "Zion".   Plaintiff Delray's Musical Compositions and Sound Recordings have been labeled under someone else's name as well as a different title and thus those individuals have been collecting royalties from his copyrighted Musical Compositions and Sound Recordings since 2003. A complete list of  Plaintiffs' Musical Works is annexed as Exhibit "A".

17.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of the exclusive rights under United States copyright with respect to the Musical Compositions and the Sound Recordings (the "Copyrighted Works"), The Register of Copyrights duly issued Plaintiffs a Certificate of Copyright Registration for Del-Funk-Boy Music Hits Collection, Del-Funk-Boy Music Paperwork Production Tracks Library

and ZION namely Registration #'s. PAU2-864-138 , SRU 1-073-146 , and SR 692-860, effective April 16th 2004, April 3rd 2012 and October 3rd 2011. A copy of Certificates is annexed as Exhibit "B".

18.    Among the exclusive rights granted to Plaintiffs under the Copyright Act are the exclusive rights to reproduce the Copyrighted Works and to distribute the Copyrighted Works to the public.

19.    Plaintiffs license and/or sublicense the subject Sound Recordings and Musical Compositions to third parties for a wide variety of commercial uses in television programming, commercials and infomercials, film and video among other outlets. In consideration for receiving such usage rights, third parties enter into agreements with Plaintiffs under which they are obligated to pay Plaintiffs license and/or service fees, the amounts of which vary depending on a variety of factors, including the nature and reach of the media outlet in question and the duration and territory of such use.

20.    Defendant, however, instead of entering into an agreement with Plaintiffs regarding the licensed use of their Copyrighted Works, simply commandeered the subject Copyrighted Works, failing and/or refusing to compensate Plaintiffs in any respect, and proceeded to exploit the Copyrighted Works by synchronizing them on the television program America's Next Top Model for significant and appreciable commercial gain.

21.    Defendants received no authorization or permission to reproduce and transmit these programming segments containing the subject Musical Compositions and Sound Recordings synchronized to audiovisual images, nor did Defendants receive or even request any license or permission to reproduce, broadcast and use the subject Musical Compositions and Sound Recordings in further promotion of its programming.

22.     In essence, Defendant, without the consent of the Plaintiffs and in violation of Plaintiffs' rights under the United States Copyright Act, reproduced, exhibited, publicly performed and broadcasted program segments containing synchronized versions of the subject Musical Compositions and Sound Recordings without seeking or obtaining the copyright owners' permission.

23.     Plaintiffs have never licensed or otherwise given permission to Defendant to license or cause the use of the subject Musical Compositions and/or Sound Recordings in synchronization with the programming or for the Defendant to authorize others to sell, copy, reproduce, display, distribute, perform digitally or synchronize the Musical Compositions or Sound Recordings in the United States as part of the programming or otherwise.

24.     As Defendant has thoroughly failed to procure any license of any kind from Plaintiffs with respect to the subject Musical Compositions and Sound Recordings in connection with the television program America's Next Top Model, Defendant has no rights to copy, use, sell, distribute, transmit, perform, broadcast, display, create derivative works of or otherwise exploit the Sound Recordings.

25.     Nevertheless, Defendant, has repeatedly and without authorization incorporated Plaintiffs' Musical Compositions and Sound Recordings into Defendants' television program America's Next Top Model, and Defendant has systematically and improperly caused such programming to be illicitly broadcast to the general public for commercial gain, both directly and indirectly through affiliated third parties, throughout the United States and worldwide when repackaged and rebroadcast.

26.     Defendants' brazen infringement of Plaintiffs' copyrighted Musical

Compositions and Sound Recordings has involved at least fifteen (15) titles of Plaintiffs' copyrighted Sound Recordings which were broadcast on myriad separate and distinct occasions.

27.    The Musical Compositions and Sound Recordings which Defendant has infringed and which are the subject of this action are domestic U.S. works which were duly registered with the United States Copyright Office.

28.    Despite being put on notice of its ongoing infringements in or around April 2012, and despite Plaintiffs' multiple communications with Defendant since that time, Defendant has continuously refused to comply with Plaintiffs' demands.  Further, despite these notices, Defendant has continued their unauthorized use and broadcasts of Plaintiffs' copyrighted Musical Compositions and Sound Recordings.

29.    More troubling is the fact that other artists as well as these artist administrators in Defendant's stead are receiving unauthorized royalties for musical compositions not actually aired by Defendant, and that the "author" of these non-existent musical compositions appears fiduciary related to the music supervisor ( Matthew M. Kiersch, Lawyer, CBS Music Supervisor) and /or the author of the actual cue sheets themselves (Donald Steever, CBS Music Operations Manager). Regardless, it is beyond peradventure that the discovery process shall illuminate and uncover the true nature and extent of the clear instances of infringement and fraud replete throughout Defendant cue sheets and episodes with respect to America's Next Top Model.  In Season 10 Episode 05, there are a total of 179 songs on the cue sheet.  Out of the 179 songs, there are 37 songs that are not actually played.

30.    Plaintiffs' claims are not barred by the statute of limitations, as these

facts were discovered July 17th and August 19th 2011, Defendant was also made aware of these facts through email and certified mailing dated April 27th and May 2nd 2012, after a thorough and complete investigation.

31.     Plaintiffs have fully-complied in all respects with applicable copyright law, including timely registering the subject musical works with the Copyright Office.

32.     All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501, et seq.)**
**(Against Defendant)**

33.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34.     As the owners of the original subject Musical Compositions and subject Sound Recordings, Plaintiffs are entitled to exclusive use and reproduction of the subject Musical Compositions and Sound Recordings without the unauthorized use by third parties.

35.     Defendant, and each of their participating divisions and components, by their actions, infringed Plaintiffs' copyrighted Musical Compositions and Sound Recordings in using and/or licensing or otherwise authorizing others to sell, copy, reproduce, display, distribute, perform, broadcast and publish and otherwise use or enabling the Musical Compositions and Sound Recordings to be synchronized in their programming in the United States without crediting or compensating Plaintiffs and without Plaintiffs' permission.

36.     Specifically, Defendant infringed Plaintiffs' copyrights in the Musical

Compositions by synchronizing the Sound Recordings and Musical Compositions to, among other things, the television production America's Next Top Model, and by reproducing, distributing, publicly performing, broadcasting and displaying these images via their networks in connection with their television programming.

37.     Upon information and belief, Defendant has wrongfully copied and commercially exploited, without Plaintiffs' authorization, the Sound Recordings in their television programming broadcast to the general public, including but not limited to, in connection with the following television series: America's Next Top Model.

38.     As a direct result of Defendant' repeated infringements of Plaintiffs' exclusive copyright rights in the Musical Compositions and Sound Recordings under 17 U.S.C. §106, Plaintiff has sustained substantial injury, loss and damage.

39.     Upon information and belief, Defendant has unlawfully and wrongfully derived, and will continue to derive, income and profits from its infringing acts.

40.     Upon information and belief, Defendant's infringements has been willful, intentional and purposeful and in complete disregard of, and with indifference to, the rights of Plaintiffs as evidenced by, among other things, the magnitude of Defendant's infringements.

41.     Indeed, notwithstanding being put on notice of Plaintiffs' claims, Defendant has failed and/or refused to act to remedy their infringing conduct, and Defendant programming containing the unauthorized use of the Musical Compositions and Sound Recordings continues to be broadcast, sold and exploited for substantial gain.

42.     Plaintiffs have complied in all respects with the Copyright Act of 1976 and all other laws governing copyrights.  As such, Plaintiffs are entitled to the exclusive rights

and privileges in and to the Musical Compositions and Sound Recordings.

43.     Upon information and belief, Defendant's television series, America's Next Top Model, which includes unauthorized uses of the Musical Compositions and Sound Recordings, has resulted in substantial viewer ship and revenue and has provided a substantial benefit to Defendants.

44.     As a result of Defendant's infringement of Plaintiffs' exclusive rights to the Musical Compositions and Sound Recordings, Plaintiffs are entitled to the election of their actual damages or to statutory damages pursuant to 17 U.S.C. § 504(c).

45.     Defendant's conduct is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant and all parties acting in concert with Defendant CBS from further infringing Plaintiffs' Musical Compositions and Sound Recordings, and ordering Defendant and all third parties acting in concert with Defendant to destroy all copies of the Sound Recordings made in violation of Plaintiffs' exclusive rights.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against Defendant)

46.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

47.     Upon information and belief, Defendant engage various third parties, including but not limited to cable network providers (collectively, "Affiliates"), to reproduce, distribute and broadcast their television programming in various media

markets.

48.     Upon information and belief, the Affiliates have infringed and continue to infringe Plaintiffs' exclusive rights in and to the Musical Compositions and Sound Recordings by reproducing and transmitting the Sound Recordings in an unauthorized manner through such Affiliates' own media outlets on behalf of Defendant.

49.     Upon information and belief, Defendant enabled, induced, facilitated and materially contributed to each act of infringement by the Affiliates.

50.     Upon information and belief, Defendant had and continue to have actual and constructive knowledge that Affiliates engaged in unauthorized use of the Sound Recordings. Acting with this actual and constructive knowledge, Defendant enabled, facilitated and materially contributed to Affiliates' copyright infringements, which could not occur without Defendant's enablement.

51.     Defendant is liable as a contributory copyright infringer for the infringing acts of the Affiliates.

52.     Upon information and belief, Defendant acts of contributory infringement have been willful, intentional, and purposeful, in disregard of, and with indifference to, the rights of Plaintiffs.

53.     As a direct and proximate result of Defendant's contributory infringement of the Sound Recordings, Plaintiffs are entitled to the election of their actual damages or to statutory damages pursuant to 17 U.S.C. § 504(c).

54.     Defendant conduct is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.   Plaintiffs have no adequate remedy at law.

Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further contributing to the infringement of the Musical Compositions and Sound Recordings, and ordering Defendant to destroy all copies of the such recordings made in violation of Plaintiffs' exclusive rights.

**COUNT III**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**(Against Defendant)**

55.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

56.     Upon information and belief, Affiliates have infringed and continue to infringe Plaintiffs' exclusive rights in the Sound Recordings by reproducing and transmitting the Sound Recordings in an unauthorized manner through such Affiliates' own media outlets on behalf of Defendant.

57.     Upon information and belief, Defendant have and continue to have the right and the ability to supervise Affiliates' infringing conduct, and could have prevented Affiliates from infringing Plaintiffs' Sound Recordings.  Upon information and belief, Affiliates' copyright infringements were carried out in furtherance of Defendant interests and subject to Defendant ultimate approval of the reproductions and retransmissions of the original television programs.

58.     Upon information and belief, Defendant significantly and directly benefited from the widespread infringement of Plaintiffs' Sound Recordings by the Affiliates which have continued until the present time.

59.     Upon information and belief, Defendant television programs which include unauthorized uses of the Sound Recordings have resulted in substantial viewer

ship and revenue and have provided a substantial benefit to Defendant.

60.     Defendant are vicariously liable for the infringing acts of the Affiliates.

61.     Upon information and belief, Defendant acts of vicarious infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of the Plaintiffs.

62.     As a direct and proximate result of Defendant vicarious infringement of the Collective Copyrighted Recordings,   Plaintiff are entitled to the election of their actual damages or to statutory damages pursuant to 17 U.S.C. § 504(c).

63.     Defendant conduct is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.   Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' Sound Recordings, and ordering Defendant to destroy all copies of the Sound Recordings made in violation of Plaintiff's exclusive rights.

## COUNT IV
## UNJUST ENRICHMENT
### (*In the Alternative* - Against Defendant)

64.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

65.     Defendant has received and obtained gains, advantages and benefits by using Plaintiffs' Musical Compositions and Sound Recordings for Defendant commercial purposes.

66.     To the extent Defendant has exploited the Musical Compositions and

Sound Recordings without compensating Plaintiffs, Defendant has benefited to the detriment of Plaintiffs.

67.     Plaintiffs have received no compensation in the form of royalties and/or copyright ownership interests in and for the exploitation of the Musical Compositions and Sound Recordings.

68.     Moreover, despite Defendant having incorporated certain of Plaintiffs' Musical Compositions and Sound Recordings into Defendant's television programming, and Defendant having systematically and improperly caused such programming to be illicitly broadcast to the general public for commercial gain, Plaintiffs have received no compensation stemming from the exploitation of the Musical Compositions and Sound Recordings.

69.     It is inequitable and unjust for Defendant to retain those gains, advantages, and benefits.

70.     Defendant has enriched themselves at the expense and to the detriment of Plaintiffs.

71.     Defendant should not in equity and good conscience be permitted to retain the benefit bestowed on them by the Plaintiffs.

72.     As a result of the retention of such benefit, Defendant has been unjustly enriched and are liable to Plaintiffs.

73.     As a result of the unjust enrichment of Defendant, Plaintiffs have incurred damages in an amount to be determined at trial, plus applicable interest, and costs.

**COUNT V**
**UNFAIR COMPETITION**
(*In the Alternative* - **Against Defendant**)

74. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 thru 32 as if fully set forth herein.

75. Defendant actions pertaining to the Musical Compositions and the Sound Recordings were designed to derive a commercial benefit.

76. Defendant conduct alleged above constitutes unlawful, unfair or fraudulent business practices in violation of California Business & Professions Code §§ 17200 *et seq.*

77. Despite not reaching any agreement of any kind regarding any exploitation or use of Plaintiffs' Musical Compositions and Sound Recordings, Defendant proceeded to exploit Plaintiffs' copyrighted works for commercial gain.

78. Defendant infringing actions, including the unauthorized use and distribution of Plaintiffs' Musical Compositions and Sound Recordings, created unfair competition in the marketplace for the copyrighted works.

79. Defendant has continuously engaged in intentional and willful unfair trade practices and unfair competition against Plaintiffs to Plaintiffs' irreparable damage in an amount to be proven at time of trial.

## COUNT VI
### FRAUD
**(Against Defendant)**

80. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 thru 32 as if fully set forth herein.

81. Defendant, through the use of knowingly false cue sheets, made material misrepresentations to, among other performance rights societies, the American Society of Composers, Authors and Publishers ("ASCAP") with respect to the actual music compositions broadcast to the general public, including but not limited to, in connection

with the following television series: America's Next Top Model.

82.     Defendant knew that Plaintiffs, as artists, wholly-rely upon the foregoing representations, in particular, the cue sheets, to properly reflect the musical compositions actually exploited through broadcasts, to ensure a proper receipt of performance royalties.

83.     Defendant further knew that ASCAP, as a performance rights society, was heavily relying upon the foregoing representations in their efforts to properly distribute performance royalties to their respective artists.

84.     At the time Defendant made the foregoing material representations, through the form of knowingly false cue sheets, Defendant was at all times aware that such representations were false when made.

85.     In justifiable reliance on Defendant material misrepresentations, ASCAP has failed to properly remunerate Plaintiffs their rightful performance royalties with respect to the exploitation of their Musical Compositions and Sound Recordings as broadcast through Defendant television programming.

86.     As a direct and proximate result of Defendant misrepresentations, Plaintiffs have suffered significant and extensive damages and financial injury.

## COUNT VII
## NEGLIGENT MISREPRESENTATION
### ( Against Defendant)

87.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 thru 32 as if fully set forth herein.

88.     Defendant, through the use of improper cue sheets, made material misrepresentations to, among other performance rights societies, ASCAP with respect to the actual music compositions broadcast to the general public, including but not limited to, in connection with the following TV series: America's Next Top Model.

89.     Defendant knew that Plaintiffs, as artists, wholly rely upon the foregoing

representations, in particular, the cue sheets, to properly reflect the musical compositions actually exploited through broadcast, in order to ensure a proper receipt of performance royalties.

90.     Defendant knew that ASCAP, as a performance rights society, was heavily relying upon the foregoing representations in their efforts to properly distribute performance royalties to their respective artists.

91.     Defendant either knew of their misrepresentations, made the misrepresentations with knowledge as to their truth or falsity, or made the misrepresentations under circumstances in which they ought to have known of their falsity.

92.     In justifiable reliance on Defendant material misrepresentations, ASCAP has failed to properly remunerate Plaintiffs their rightful performance royalties for the exploitation of their Musical Compositions and Sound Recordings as broadcast through Defendant's television programming.

93.     As a direct and proximate result of Defendant fraudulent misrepresentations, Plaintiffs have suffered significant and extensive damages and financial injury.

**COUNT VIII**
**ACCOUNTING**
**(As Against All Defendants)**

94.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 thru 32 as if fully set forth herein.

95.     Upon information and belief, Defendant received, and continue to receive, substantial revenues from the systematic and improper broadcasting of television programming incorporating Plaintiffs' Musical Compositions and Sound Recordings.

PLAINTIFFS' COMPLAINT - 17

96.    Accordingly, Plaintiffs are entitled to a full accounting of all revenues received by Defendant in connection with the Defendant's infringing programming incorporating and using the subject Musical Compositions and Sound Recordings.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Delray Richardson p/k/a Delray d/b/a Del Funk Boy Music and Sterling A. Snyder d/b/a Zion Records respectfully request that this Honorable Court enter a final judgment in their favor and as against Defendant CBS Studios, Inc. d/b/a CBS Television Distribution, as follows:

(i)    Determining that Defendant has infringed on Plaintiffs' copyrights in the Musical Compositions and Sound Recordings;

(ii)   That Defendant, and their agents, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing on Plaintiffs' copyrights in the Sound Recordings or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived and/or copied from the subject Sound Recordings, in whatever medium, or to participate or assist in any such activity;

(iii)  That Defendant, and all their representatives, agents, servants, employees, officers, directors, partners, attorneys, subsidiaries, and all persons under their control or acting in active concert or participation with them, be ordered to immediately post a notice on each of its respective websites stating that the prior use of the subject Sound Recordings was unauthorized;

(iv)   That Defendant, their Affiliates and licensees, immediately cease and desist from any further display, exploitation, reproduction, distribution, transmission, or other use of the Sound Recordings;

(v)    That judgment be entered in favor of Plaintiffs and against Defendant for the actual damages suffered by Plaintiffs and for any profits attributable to the infringements of Plaintiffs' copyrights in the Sound Recordings, the amount of which, at present, cannot be fully ascertained;

(vii)  That all gains, profits, and advantages derived by Defendant from their acts of infringement and other violations of law be deemed to be held in

constructive trust for the benefit of Plaintiffs;

(ix)    That Defendant be ordered to furnish to Plaintiffs a complete and accurate accounting of all gross and net profits earned in connection with their use of the subject Sound Recordings; and

(x)    That the Court grant such other and further relief as this Court deems just, proper, and equitable under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues in this action so triable.

DATED: September $\underline{13}$ 2012

PRO PER):
Delray Richardson a/k/a Delray d/b/a Del Funk Boy Music,

_____

PRO PER):
Sterling A. Snyder d/b/a Zion Records,

_____

PLAINTIFFS' COMPLAINT - 19

# Exhibit A

## Episode Infringement List

| Plaintiffs' Musical Works | Infringing Episodes of Defendants |
|---|---|
| *Love You So* | S1, Ep. 5: The Girl Who Everyone Thinks Is Killing Herself - used from 29:10 until 30:20.<br>S1, Ep. 9: The Girl Who Becomes America's Next Top Model - used from 32:14 until 33:37. |
| *I Don't Care* | S1, Ep. 1: The Girl Who Wants It So Bad - used from 37:24 until 38:43. |
| *Slow Down* | S6, Ep. 10: The Girl Who Is Going to the Moon - viewed on the Style Network. |
| *ODB* | S1 Ep. 4 The Girl Who Drives Everyone Crazy - used from 26:16 until 29:37. |
| *The Streets* | S1, Ep. 4: The Girl Who Drives Everyone Crazy - used from 28:33 until 29:29. |
| *Party* | S5, Ep. 13: The Girl Who Is On The Cover -viewed on the Style Network |
| *Church* | S3, Ep. 11: The Girl Who the Lionesses are Hunting - viewed on the Style Network. |
| *Bumpin* | S5, Ep. 10: The Girl Who Talks Behind Everyone's Back - viewed on the Style Network<br><br>S7, Ep. 3: The Girls Who Go To Texas - viewed on the Style Network<br><br>S10, Ep. 3: Top Model Makeovers - used from 30:12 until 30:23.<br>S14, Ep. 10: Ugly-Pretty Woman - used from 32:07 until 32:23. |
| *Bongos* | S4, Ep. 13: The Girl Who Walks On Water - viewed on the Style Network. |
| *Latin* | S3, Ep. 12: The Girl Who Didn't Hug Goodbye - viewed on the Style Network. |

| | |
|---|---|
| *Red Balloon* | S3, Ep. 10: The Girl Who Goes Ballistic - viewed on the Style Network. |
| *Sexy Baby* | S6, Ep. 12: The Girls Go to Phuket - viewed on the Style Network. |
| *Layla Song* | S6, Ep. 12: The Girls Go to Phuket - viewed on the Style Network. |
| *Give It To Me* | S2, Ep. 11: The Girl Who Is America's Next Top Model - viewed on the Style Network. |
| *Mr. Ex feat. Delray* | S8, Ep. 7: The Girl Who Gets Thrown in the Pool used from 4:26 until 4:56.<br>S13, Ep. 7: Petite Ninja Warriors used from 29:58 until 30:16.<br>S14, Ep. 10: Ugly-Pretty Woman used from 1:14:46 until 1:15:10. |

# **Exhibit B**

## **Copyright Registration Documents**

22

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form PA**
For a Work of Performing Arts
UNITED STATES COPYRIGHT OFFICE

**PAu2-864-138**

**EFFECTIVE DATE OF REGISTRATION**
4   16   04
Month   Day   Year

---

**1** **TITLE OF THIS WORK ▼** Jelfunkboy Music Inc / Collection Hits Love you So" Ass like That" Kind of Women" I Don't Care"

**PREVIOUS OR ALTERNATIVE TITLES ▼** None

**NATURE OF THIS WORK ▼** See Instructions
Words And Music

---

**2**
**a** **NAME OF AUTHOR ▼** Delray M Richardson
**DATES OF BIRTH AND DEATH** Year Born 1973   Year Died
Was this contribution to the work a work made for hire ?
☐ Yes
☐ No
**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of USA
Domiciled in
**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☐ No
**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼ Words And Music

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼** Jean-Yves Ducornet
**DATES OF BIRTH AND DEATH** Year Born 1968   Year Died
Was this contribution to the work a work made for hire ?
☐ Yes
☐ No
**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of U.S.A
Domiciled in
**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☐ No
**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼ Words And Music

**c** **NAME OF AUTHOR ▼** Delray M Richardson
**DATES OF BIRTH AND DEATH** Year Born 1973   Year Died
Was this contribution to the work a work made for hire ?
☐ Yes
☐ No
**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of USA
Domiciled in
**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☐ No
**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼ Words And Music

---

**3**
**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases. 2005
**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published. Month   Day   Year   Nation

---

**4**
See instructions before completing this space.
**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Delray M Richardson
1102 E Carson Street - A
Long Beach, CA 90809

**APPLICATION RECEIVED** APR 16 2004
**ONE DEPOSIT RECEIVED** APR 16 2004
**TWO DEPOSITS RECEIVED**
**FUNDS RECEIVED**

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

---

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions.   Sign the form at line 8
**DO NOT WRITE HERE**
Page 1 of ___ pages

| EXAMINED BY | _Rev_ | FORM PA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No If your answer is 'Yes,' why is another registration being sought? (Check appropriate box) ▼ If your answer is No, do not check box A, B or C.
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work, as shown by space 6 on this application
If your answer is 'Yes' give Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work, complete only 6b for a compilation
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

NONE

**a**

**6**

See instructions before completing this space

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

NONE

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼                              Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼

Delray M Richardson
1162 E Carson Street - A
Long Beach, CA 90807

Area code and daytime telephone number (562) 212-2281     Fax number (310) 238-1987
Email Hotmusic4you@yahoo.com

**b**

**CERTIFICATION** I the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of Delray M Richardson

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date

Delray M Richardson          Date 3-29-04

Handwritten signature (X) ▼
☞ X _Delray M Richardson_

Certificate will be mailed in window envelope to this address

Name ▼
Delray M Richardson
Number/Street/Apt ▼
1162 E Carson Street Apt-A
City/State/ZIP ▼
Long Beach CA 90807

Complete all necessary spaces
Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

Library of Congress
Copyright Office
101 Independence Avenue S.E
Washington D C 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection with the application shall be fined not more than $2,500

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## SR 692-860

**Effective date of registration:**

October 3, 2011

---

## Title

**Title of Work:** Zion

## Completion/Publication

**Year of Completion:** 2002

**Date of 1st Publication:** February 13, 2003

## Author

- **Author:** Zion Pick

  **Author Created:** sound recording

  **Work made for hire:** No

  **Citizen of:** United States   **Domiciled in:** United States

  **Anonymous:** No   **Pseudonymous:** Yes

## Copyright claimant

**Copyright Claimant:** Zion Pick

92 Corporate Park, Suite C-234, Irvine, CA, 92606

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Zion Pick

**Date:** September 30, 2011

---

**Correspondence:** Yes

25

**Registration #:** SR0000692860
**Service Request #:** 1-686974061



Zion Pick
92 Corporate Park, Suite C-234
Irvine, CA 92606

26

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marin A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

# SRu 1-073-146

**Effective date of registration:**

April 3, 2012

## Title

**Title of Work:** Delfunkboy Music & Paperwork Productions tracks library

## Completion/Publication

**Year of Completion:** 2000

## Author

■ **Author:** Delray M. Richardson

**Author Created:** music

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1973

**Anonymous:** No                                    **Pseudonymous:** No

■ **Author:** Jean-Yves Ducornet

**Author Created:** music

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1968

**Anonymous:** No                                    **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Delray M. Richardson

2191 E. 21st Street, Suite-K, Signal Hill, CA 90755

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Delray M. Richardson

**Date:** March 27, 2012

**Correspondence:** Yes



28

**Registration #:**  SRU001073146

**Service Request #:**  1-763046713

Delray M. Richardson
2191 E. 21st Street, Suite-K
Signal Hill, CA 90755

29

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

### CV12- 7925 ABC (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# FOR OFFICE USE ONLY

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| *Delray Richardson* *See Attachment* PLAINTIFF(S) v. *CBS Studios, See Attachment* DEFENDANT(S). | CASE NUMBER **CV12-7925** *ABC (SHx)* SUMMONS |

# FOR OFFICE USE ONLY

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within *21* days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, *Delray Richardson, Sterling D. Snyder*, whose address is *2191 E. 21st Street Box-K Signal Hill CA 90755* .   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: *9 - 13 - 12*

By: _____

(Seal of the Court)

# FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)               **SUMMONS**



PRO PER:

Delray Richardson p/k/a Delray d/b/a Del Funk Boy Music
and Sterling A. Snyder d/b/a Zion Records
2191 E. 21st Street, Box - K
Signal Hill CA 90755
323-440-0855

| | |
|---|---|
| DELRAY RICHARDSON p/k/a DELRAY d/b/a DEL FUNK BOY MUSIC, an individual, and STERLING A. SNYDER d/b/a ZION RECORDS, an individual,<br><br>       Plaintiffs,<br><br>   v.<br><br>CBS STUDIOS, INC., d/b/a CBS TELEVISION DISTRIBUTION, a division of CBS Corporation, a Delaware Corporation,<br><br>       Defendant. | #Case No.:<br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT;**<br>4. **UNJUST ENRICHMENT;**<br>5. **UNFAIR COMPETITION;**<br>6. **FRAUD;**<br>7. **NEGLIGENT MISREPRESENTATION; and**<br>8. **AN ACCOUNTING** |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND AN ACCOUNTING

Plaintiffs Delray Richardson p/k/a Delray d/b/a Del Funk Boy Music ("Delray")

and Sterling A. Snyder d/b/a Zion Records ("Snyder") (collectively "Plaintiffs") sue CBS

Studios, Inc. d/b/a CBS Television Distribution ("CBS"), and state:

### NATURE OF ACTION

1.     This is a civil action seeking damages and injunctive relief for copyright

infringement arising under 17 U.S.C. §§ 501, *et seq* (referred to herein as the "Copyright

Act"), and other related causes of action.

PLAINTIFFS' COMPLAINT - 1

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DELRAY RICHARDSON p/k/a DELRAY d/b/a DEL FUNK BOY MUSIC, an
individual, and STERLING A. SNYDER d/b/a ZION RECORDS, an individual,

**DEFENDANTS**
CBS STUDIOS, INC., d/b/a CBS TELEVISION DISTRIBUTION, a division of
CBS Corporation, a Delaware Corporation,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)
DELRAY RICHARDSON 2191 E. 21st Street, Box - K Signal Hill Ca, 90755
STERLING A. SNYDER 22700 Lake forest Drive Box - 621 Lake Forest, Ca
92630

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S.
Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship
of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 2,500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. §§ 501, et seq

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

## CV12-7925

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
         ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
         ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
         ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| DELRAY RICHARDSON p/k/a DELRAY d/b/a DEL FUNK BOY MUSIC, -Los Angeles County STERLING A. SNYDER d/b/a ZION RECORDS, - Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CBS STUDIOS, INC., d/b/a CBS TELEVISION DISTRIBUTION, a division of CBS Corporation, a Delaware Corporation, - Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| L A | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Delray M Richardson_   Date   9-13-2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |