Robert S. Besser (SBN 46541)
Christopher Chapin (SBN 112608)
LAW OFFICES OF ROBERT S. BESSER
1221 Second Street, Suite 300
Santa Monica, California 90401
TEL: (310) 394-6611
Fax:  (310) 394-6613
rsbesser@aol.com
christopherchapin@oal.com

Attorneys for Defendant
CBS STUDIOS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELRAY RICHARDSON p/k/a DELRAY d/b/a DEL FUNK BOY MUSIC, an individual, and STERLING A. SYNDER d/b/a/ ZION RECORDS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CBS STUDIOS INC., d/b/a CBS TELEVISION DISTRIBUTION, a division of CBS CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. CV12-7925 ABC (SHx)<br>Honorable Audrey B. Collins<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COUNTS NOS. IV THROUGH VIII FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Rule 12(b) 6))<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Date:  November 19, 2012<br>Time:  10:00 a.m.<br>Ctrm:   680<br>          Royal Building |

TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 19, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 680 of the Roybal Federal Courthouse, located at 255 East Temple St., Los Angeles, California 90006, Defendant CBS STUDIOS INC. ("CBS") will, and hereby does, move to dismiss Counts No. IV through VIII of the Complaint.

-1-

The motion is made on the following grounds:

1. Counts No. IV through VIII of the Complaint are preempted by the Copyright Act, 17 U.S.C., §301.

2. Further, Counts No. VI and VII of the Complaint fail to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) and are not pled with the specificity required by FRCP 9.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the complete Court files and records of this case and such other evidence and/or argument as may be presented prior to the hearing.

This motion is made following a conference with Plaintiffs In Pro Per pursuant Local Rule 7-3 which took place on October 11, 2012. The retention of counsel did not allow an earlier conference.

Dated: October 12, 2012

LAW OFFICES OF ROBERT S. BESSER

By _____
ROBERT S. BESSER
Attorneys for Defendant CBS STUDIOS INC.

-2-

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS NOS. IV THROUGH VIII FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Complaint is vague, ambiguous and incomplete. Nonetheless, it is clear from the Complaint that the essence of this action is copyright infringement.

The "Factual Background" (Complaint, Paragraphs 9 through 32) attempts to set forth in detail the basis upon which Plaintiffs contend that they have the exclusive copyrights in the musical works at issue, the alleged breach of these rights by CBS (essentially consisting of the claim that CBS used the works at issue without the permission of Plaintiffs) and the factual basis for Plaintiffs' claim that the Complaint is not barred by the three year statute of limitations of the Copyright Act.

Counts I, II and III then attempt to set forth claims for Copyright Infringement.[1]

Counts IV through VIII then reallege in their entirety the allegations made to support the copyright claims and attempt to claim relief under various state causes of action. However, each of these Counts depends for their validity on the validity of Plaintiffs' copyright claims. They are, therefore, preempted.

While it may be true that claims for fraud and negligent misrepresentation are not necessarily preempted by the Copyright Act, Plaintiffs are claiming relief to which they would be entitled only if they had valid copyright claims. Thus the relief sought is, in essence, relief flowing from claims of copyright infringement.

---

[1] In fact, the Copyright certificates attached as Exhibit B to the Complaint appear to be deficient on their face. Plaintiff Delray's certificate identifies a second author (Jean-Yves Ducornet) but fails to state any basis upon which Plaintiff Delray is entitled to the entire copyright to the exclusion of Mr. Ducornet. Plaintiff Snyder's alleged copyright is in the name of an unidentified person by the name of Zion Pick. CBS has been informed that Mr. Ducornet is commencing proceedings before the United States Copyright Office to have Plaintiffs' copyrights canceled. At such time as CBS is certain of the nature and extent of these proceedings, CBS intends to bring the appropriate motion to dismiss or stay Counts 1 through 3 of the Complaint.

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS NOS. IV THROUGH VIII FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

## II. PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT, UNFAIR COMPETITION, FRAUD, NEGLIGENT MISREPRESENTATION AND ACCOUNTING ARE PREEMPTED BY 17 USC §301.

Section 301 of the Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by . . . 17 U.S.C. §106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . are governed exclusively by this title. [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."

Courts have universally held that the effect of §106 is to preempt all state law claims arising from a claim of copyright violation. *Selby v. New Line Cinema*, 96 F. Supp. 2d 1053 (CD Cal. 2000). As the *Selby* court explained:

> "The Ninth Circuit employs a two-part test to determine whether the Act preempts particular state law claims. Preemption occurs when: (1) the work at issue comes within the subject matter of copyright and (2) the rights granted under state law are 'equivalent to any of the exclusive rights within the general scope of copyright' set forth in the Act. *Del Madera Properties v. Rhodes and Gardner, Inc.* 820 F.2d 973, 976 (9th Cir. 1987) ("*Del Madera*"). To avoid preemption under the second part of this test, 'the state claim must protect rights which are qualitatively different from the copyright rights. The state claim must have an 'extra element' which changes the nature of the action. *id*; at 977.'" 96 F.Supp. 2nd at p. 1057

All of the state claims pled by Plaintiffs are based on copyright and none of them have the necessary "extra element" which would enable the Counts to survive

-4-

preemption.

Count IV (Unjust Enrichment) realleges the elements of Plaintiffs' copyright infringement claims and then seeks "unjust enrichment" damages resulting from the "gains, advantages and benefits" that CBS has allegedly received from the exploitation of Plaintiffs' Musical Compositions and Sound Recordings (Complaint, Paragraph 65). This Count is clearly preempted. See also *MEECO v. True Value*, 2007 U.S. Dist. Lexis 25986, [unjust enrichment claim preempted where Plaintiff expressly relied on and realleged its copyright allegations in its claim for unjust enrichment].

Count V (Unfair Competition) is preempted for the same reason as Count IV. Plaintiffs again reallege their copyright allegations and seek relief based thereon. No "extra element" is, or could be, alleged because the claim is that the alleged copyright infringement constitutes unfair competition. *MEECO*, supra.

The fraud claims (Counts VI and VII), to the limited extent that they could be considered to properly plead such claims, also rely entirely on the copyright infringement allegations for their claim to damages. Paragraph 80 (Count VI) and Paragraph 87 (Count VII) reallege the copyright infringement allegations in their entirety and Plaintiffs' contention that CBS either intentionally (Count VI) or negligently (Count VII) filed improper "cue sheets" with ASCAP that resulted in Plaintiffs not receiving their proper share of ASCAP income. However, Plaintiffs would be entitled to no relief under either Count in the absence of their copyright infringement claims.

Count VIII (Accounting) seeks a determination of the amounts CBS has received as a result of the alleged copyright infringements. Paragraph 96 requests an accounting "of all revenues received by [CBS] in connection with [CBS's] infringing programming . . ." Nothing other than copyright infringement is alleged as a basis to support the requested accounting.

In summary, Counts IV through VIII meet both prongs of the preemption test.

-5-

The works at issue (musical compositions and sound recordings) come within the subject matter of copyright and the rights under state law for which redress is sought are equivalent to the exclusive rights to exploit within the scope of the Copyright Act.

### III. COUNTS VI (FRAUD) AND VII (NEGLIGENT MISREPRESENTATION) FAIL TO ALLEGE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.

Rule 9(b) of the Federal Rules of Civil Procedure requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

To properly state a fraud claim, the plaintiff must allege the time, place and content of the misrepresentation, the fact misrepresented and what was obtained or given up (i.e., the reliance by plaintiff) as a consequence of the fraud. 2 Moore's Federal Practice § 9-03[v]; *Buy-Magee v. California* 236 F.3d 1014, 1019 (9th Cir. 2001).

Counts VI and VII do not allege any misrepresentation made to Plaintiffs, or Plaintiffs' reliance on any alleged misrepresentation or any gain by CBS as a result of the alleged misrepresentations. Instead, the Counts simply claim that incorrect cue sheets were supplied to ASCAP. In theory, this might have resulted in an improper payment to some unidentified person but nothing in the allegations supports an intentional or negligent fraud committed by CBS.

///

///

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that Counts IV through VIII of the Complaint be dismissed with prejudice.

Dated: October 12, 2012

Respectfully submitted,

LAW OFFICES OF ROBERT S. BESSER

By _____
ROBERT S. BESSER
Attorneys for Defendant, CBS Studios Inc.

-7-

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS NOS. IV THROUGH VIII FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1  PROOF OF SERVICE

2  STATE OF CALIFORNIA

3  COUNTY OF LOS ANGELES

4      I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1221 Second Street, Suite 300, Santa Monica, California 90401.

    On this date, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS COUNTS NOS. IV THROUGH VIII FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** on all interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:
    See attached list

[XXX]    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

[ ]    BY E-MAIL: I caused the above described document to be electronically transferred in "pdf" format to the e-mail addresses on the attached service list and no errors were reported.

[ ]    BY PERSONAL SERVICE: I caused the envelope to be delivered by hand to the offices of the addressee(s).

[ ]    BY FACSIMILE TRANSMISSION: I sent by facsimile the above described document on    at    to the facsimile machine number identified above.

[ ]    BY FEDERAL EXPRESS OVERNIGHT DELIVERY: I caused the above described document to be sent by Federal Express overnight delivery, fully prepaid, in accordance with *Code of Civil Procedure*, §1013(c).

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 12, 2012 at Santa Monica, California.

_____
Robin Sanders

-8-

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS NOS. IV THROUGH VIII FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1  Delray Richardson pka Delray dba
   Del Funk Boy Music
2  and Sterling A. Snyder dba Zion Records
   2191 East 21st Street, Box K
3  Signal Hill, CA 90755

4  323-440-0855

-9-

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS NOS. IV THROUGH VIII FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED