Robert S. Besser (SBN 46541)
Christopher Chapin (SBN 112608)
LAW OFFICES OF ROBERT S. BESSER
1221 Second Street, Suite 300
Santa Monica, California 90401
TEL: (310) 394-6611
Fax:  (310) 394-6613
rsbesser@aol.com
christopherchapin@aol.com

Attorneys for Defendant
CBS STUDIOS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELRAY RICHARDSON p/k/a DELRAY d/b/a DEL FUNK BOY MUSIC, an individual, and STERLING A. SYNDER d/b/a/ ZION RECORDS, an individual,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>CBS STUDIOS INC., d/b/a CBS TELEVISION DISTRIBUTION, a division of CBS CORPORATION, a Delaware corporation,<br><br>　　　　　　Defendants.<br>_____/ | Case No. CV12-7925 ABC (SHx)<br>Honorable Audrey B. Collins<br><br>NOTICE AND MOTION FOR SUMMARY JUDGMENT; IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF PLAINTIFF'S DAMAGES<br><br>Date: September 30, 2013<br>Time: 10:00 a.m.<br>Ctrm: 680<br>　　　　Roybal Building |

TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 30, 2013, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 680 of the Roybal Federal Courthouse, located at 255 East Temple St., Los Angeles, California 90006, Defendant CBS STUDIOS INC.

-1-

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

("CBS") will, and hereby does, move for summary judgment or in the alternative for partial summary judgment declaring that Plaintiffs can recover no damages for the alleged infringements.

The Motion for Summary Judgment is made with respect to the first three Causes of Action for Copyright Infringement on the grounds that:

1. All of the musical works allegedly infringed by CBS were properly licensed by their co-author and co-owner of the copyrights therein, Jean Yves Ducornet, through his publishing administrator PEN Music Group, Inc. Accordingly, CBS cannot be liable for copyright infringement.[1]

2. The copyrights which Plaintiff Delray Richardson claims have been infringed are not validly proven because he has not produced the copies of the musical works deposited with the Copyright Office to obtain his copyright registrations.

The alternative Motion For Partial Summary Judgment is made with respect to the first three causes of action for copyright infringement and based upon the grounds that:

1. Plaintiffs have no proof of actual damages;

2. Plaintiffs are not entitled to Defendant's profits because they have no proof of any such profits, which would in any event be too indirect and speculative; and

3. Plaintiffs are not entitled to statutory damages

---

[1] The remaining causes of action were dismissed when this Court granted CBS's Motion to Dismiss Counts IV through VIII. Docket No. 10.

because Plaintiffs' copyrights were registered years after the first alleged infringement of each musical work.

    This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Statement of Undisputed Facts, the Declaration of Jean-Yves Ducornet, the Declaration of Michael Eames, the Declaration of Carl Benedetti, the Declaration of Robert S. Besser, selected portions of the Deposition of Delray Richardson (with cited material highlighted), the complete Court files and records of this case and such other evidence and/or argument as may be presented prior to the hearing.

    This motion is made following the conferences of counsel for CBS and Delray Richardson and Sterling Snyder, *in pro per*, pursuant to L.R. 7-3 which took place continuously after the first scheduling conference.

Dated:   August 26, 2013

LAW OFFICES OF ROBERT S. BESSER

By: /s/ Robert S. Besser
    ROBERT S. BESSER
Attorneys for Defendant
CBS STUDIOS INC.

TABLE OF CONTENTS

| | | |
|---|---|---|
| Table of Authorities | | i |
| I. | INTRODUCTION | 1 |
| II. | MATERIAL FACTS | 2 |
| III. | STANDARD ON SUMMARY JUDGMENT | 6 |
| IV. | RICHARDSON'S 13 COPYRIGHTS ARE NOT VALID | 7 |
| V. | THERE CAN BE NO COPYRIGHT INFRINGEMENT ACTION BY A HOLDER OF A COPYRIGHT AGAINST A LICENSEE OF ANOTHER HOLDER OF THE SAME COPYRIGHT | 9 |
| VI. | PLAINTIFFS HAVE NO VALID CLAIM FOR DAMAGES | 11 |
| | A. _Plaintiffs cannot recover any of CBS's profits because there is no causal connection between the alleged infringements and Defendant's profits._ | 11 |
| | B. _Plaintiffs cannot establish any loss they suffered by reason of the alleged infringements_ | 12 |
| | C. _Plaintiffs are not entitled to statutory damages_ | 13 |
| VII. | IF SUMMARY JUDGMENT IS ENTERED IN DEFENDANT'S FAVOR, DEFENDANT IS ENTITLED TO ATTORNEYS FEES | 15 |
| VIII. | CONCLUSION | 16 |

# TABLE OF AUTHORITIES

**Cases**

| Case | Page |
|---|---|
| *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) | 7 |
| *Andrew v. Poof Apparel*, 528 F.3d 696 (9th Cir. 2008) | 15 |
| *Assessment Technologies of WI, LLC, v. Wire Data, Inc.*, 361 F.3d 434 (7th Cir. 2004) | 16 |
| *Bridgeport Music Inc. v. Dimension Films*, 230 F. Supp. 2d 830 (M.D. Tenn. 2002) | 10 |
| *Bridgeport Music, Inc. v. DJ Yella Muzick*, 99 Fed. Appx. 686 (6th Cir. 2004) | 9 |
| *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) | 6 |
| *Chirco v. Gateway Oaks, LLC*, 2005 U.S. Dist. LEXIS 43081 (E.D. Mich. 2005) | 9 |
| *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004) | 7 |
| *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 722 F.2d 505 (9th Cir. 1985) | 15 |
| *Geshwind v. Garrick*, 734 F. Supp. 644 (S.D.N.Y. 1990) | 10 |
| *Kodadek v. MTV Networks*, 152 F.3d 1209 (9th Cir. 1998) | 7 |
| *Masterson Marketing, Inc. v. KSL Recreation Corp.*, 495 F. Supp 1044 (SD Cal. 2007) | 11 |
| *Piantadosiv v. Loews, Inc.*, 137 F.2d 534 (9th Cir. 1943) | 9 |
| *Polar Bear Prods., Inc. v. Timex Corp.* 384 F.3d 700 (9th Cir. 2004) | 11 |
| *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316 (9th Cir. 1987) | 7 |
| *Thompson v. Looney's Tavern Productions, Inc.*, 204 Fed. Appx. 844 (11th Cir. 2006) | 10 |

TABLE OF AUTHORITIES
(Continued)

*United States v. Marmon Holdings, Inc.*,
2012 U.S. Dist. LEXIS 173235 (DC Idaho 2012) ................ 7

*Universal Pictures Co. v. Harold Lloyd Corp.*,
162 F.2d 354 (9th Cir. 1947) ................................ 12

*Woodhaven Homes & Realty, Inc. v. Hotz*,
396 F.3d 822 (7th Cir. 2005) ................................ 15

**Statutes**

17 U.S.C. §412 ............................................... 13

17 U.S.C. § 504(b) ........................................... 11

-iii-