## I. INTRODUCTION

This action arises from the use of brief portions of instrumental works as background music in a handful of one-hour episodes of the long running television series "America's Next Top Model" ("ANTM").

Although Plaintiffs have caused much confusion by the manner in which they have identified the musical works they claim were infringed, the basic fact is that all of the instrumental works used in ANTM were duly licensed on a non-exclusive basis by the creator of those works, Jean-Yves Ducornet ("Jeeve") by his duly appointed publishing administrator, PEN Music Group, Inc. ("PEN") Therefore, Plaintiffs' consent was not needed and CBS cannot be liable for copyright infringement.

Also, Plaintiff Delary Richardson ("Richardson") refused (objecting on relevance grounds) to provide copies of the deposit copies allegedly filed with his applications for copyright registrations. Accordingly, Richardson's claims can not be proven.

Plaintiffs attempt to make much of the (unsupported) allegations that CBS falsified cue sheets and that artists who did not perform on ANTM received royalties instead of Plaintiffs. Putting aside for the moment that these accusations are not true, more importantly, they are wholly irrelevant. Neither of the Plaintiffs has standing to raise these claims.

NOTICE OF MOTION FOR SUMMARY JUDGMENT

Finally, Plaintiffs have the burden of establishing that any alleged infringement caused them damages. Plaintiffs cannot do so. Plaintiffs have failed to even attempt to establish any actual damages, either through expert or percipient witnesses.

Moreover, any claim for a portion of CBS's profits would be utterly speculative at best. There is simply no way to calculate what portion of profits (even assuming there are any) would be attributable to a few seconds of background music in a sixty-minute episode which is part of a season-long program.

Further, Plaintiffs are not entitled to statutory damages because their copyrights were registered many months (if not years) after the allegedly infringing episodes first aired.

CBS's motion should be granted.

## II. MATERIAL FACTS

Plaintiffs claim that CBS has infringed the copyrights in 15 musical works (collectively "Plaintiffs' Works"). Richardson produced a compact disc at his deposition that was marked as Exhibit 2 and according to Richardson, contains all 15 of Plaintiffs' Works. Richardson stated that he created the CD only after being asked to produce "deposit copies" he submitted with his applications for registration to the Copyright Office. *Undisputed Fact No. 11.*

Richardson claims infringement of 13 of the Plaintiffs' Works (the "Richardson Works") and Plaintiff Sterling A. Snyder ("Snyder") claims infringement of the remaining two of

Plaintiffs' Works (the "Snyder Works").

All infringements are alleged to have occurred as a result of the use of small portions of the music (without lyrics) of Plaintiffs' Works in a few episodes of ANTM. *Exhibit "A" to Complaint.*

Plaintiffs do not dispute that the instrumental versions of all 15 of Plaintiffs' Works were originally created by Jeeve and that to the extent that Plaintiffs, or either of them, have valid copyrights in the works, Jeeve is a co-owner of the copyrights. *Undisputed Fact No. 1.*

It is also undisputed that at all relevant times PEN Music, Group, Inc. ("PEN") administered Jeeve's catalog of musical works (composition and sound recordings). *Undisputed Fact No. 2.*

Pursuant to his administration agreement with PEN, Jeeve delivered each of his musical works to PEN and PEN in turn delivered each of the works to Anisa Productions, Inc.(or its predecessor), the producer of ANTM, for review. *Undisputed Fact No. 3.*

To the extent that it desired to use any of the works, PEN licensed them to the producer. *Undisputed Fact No. 4.*

Further, Richardson admitted at his deposition that the only possible source of any of the Plaintiffs' Works that appeared in ANTM was PEN. *Undisputed Fact No. 5.* Plaintiffs do not claim that any of Plaintiffs' Works were secured by the ANTM producer from any other source. *Undisputed Fact No. 6.*

Ultimately, CBS received the copyrights to all episodes of ANTM, including rights to the music used therein, from the producer. *Undisputed Fact No. 7.*

Plaintiffs' accusations of "falsified cue sheets" and "other artists . . . receiving unauthorized royalties for musical compositions not actually aired by [CBS]. . . ." (Complaint, ¶29) are irrelevant. However, Plaintiffs have caused much confusion by the manner in which they secured the copyrights (long after any alleged infringement) upon which they are suing.

As noted, there is no dispute that Jeeve created the instrumental version of all of Plaintiffs' Works and that he delivered them to Richardson without titles and with the idea that additional material would be added. *Undisputed Fact No. 8.*

Richardson then assigned random titles to the Richardson Works without Jeeve's knowledge. *Undisputed Fact No. 9.*

Therefore, when PEN licensed the works, it did not do so under the titles arbitrarily assigned by Richardson. *Undisputed Fact No. 10.*

Richardson now attempts to use the fact that the titles he assigned the works differ from those appearing on the cue sheets[1] to create confusion and to use as the basis for a copyright infringement claim.

---

[1] A "cue sheet," in this instance, refers to a document which lists all of the music that was used as part of an episode of ANTM and that is provided to public performance societies such as ASCAP and BMI. These organizations in turn pay the appropriate royalties to the registered songwriters.

-4-

NOTICE OF MOTION FOR SUMMARY JUDGMENT

Nonetheless, titles aside, Plaintiffs' claims are invalid for the following reasons:

1. Plaintiffs concede that Jeeve is the co-owner of the copyright in all of Plaintiffs' Works. As such, Jeeve authorized his publishing administrator to grant non-exclusive licenses to the producer of ANTM. These non-exclusive licenses bar any claim for copyright infringement.

2. Richardson cannot establish valid copyrights in the 13 Richardson Works because he has refused to produce any of the deposit copies he filed with his copyright registration applications. *Undisputed Fact No.* 11. Moreover, he has admitted that whatever he filed did not contain any identification by title of the 11 individual tracks that were supposedly included in the "Del Funk Boy Music and Paperwork Production tracks library." *Undisputed Fact No.* 12.

3. The two Snyder Works, for which the copyright registration was effective October 3, 2011, on behalf of non-party "Zion Pick" were not the works used in ANTM. *Undisputed Fact No.* 16. What was licensed and used were the instrumental versions created by Jeeve and provided to PEN *before* the Zion Pick versions were created. Snyder can establish no right to pursue a copyright infringement claim on behalf of Jeeve's prior works.

4. Even if Plaintiffs could overcome the above deficiencies, Plaintiffs cannot establish any actual damages or

-5-

NOTICE OF MOTION FOR SUMMARY JUDGMENT