any loss as the result of the very small portions of music actually used in ANTM.[2] *Undisputed Fact No.* 13. Any claim to any part of CBS's profits is entirely too speculative and indirect to sustain any award of profits.

5.  In addition, Plaintiffs are prevented from recovering statutory damages or attorneys' fees because they had not yet registered their copyrights before the first alleged infringement occurred. *Undisputed Fact No.* 13.

III. STANDARD ON SUMMARY JUDGMENT

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Further, under Rule 56(a) a party is entitled to move for partial summary judgment by identifying the part of the claim on which summary judgment is sought. *Id.*

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The mere existence of some alleged factual dispute between

---

[2] Exhibit A to the Complaint, purports to list song titles used as background music for ANTM. The use of "Love You So" (the first song listed), is noted as lasting one minute, ten seconds (from 29 minutes, 10 seconds into the Season 1, Episode 5 program until 30 minutes 20 seconds). Plaintiff has no proof of a causal connection between the use of those 70 seconds of music and any profits made by CBS on that particular program. *Undisputed Fact No.* 15.

the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Material facts are those that may affect the outcome of the case. *United States v. Marmon Holdings, Inc.*, 2012 U.S. Dist. LEXIS 173235, at *9-10 (DC Idaho 2012), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party is entitled to summary judgment if a material fact cannot be disputed. To show the undisputable nature of the fact, a party may show that the adverse party is unable to produce admissible evidence to support the fact. *Id.*, at *10.

## IV. RICHARDSON'S 13 COPYRIGHTS ARE NOT VALID

A plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act, 17 U.S.C. § 501(a). *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

In order to obtain a valid copyright registration, an applicant must deposit as a part of his application a "copy" or "copies" of the work. 17 U.S.C. § 408(b)(1) and (2). "We have stated that the registration deposit requirement permits bona fide copies of the original work." *Kodadek v. MTV Networks*, 152 F.3d 1209, 1211 (9th Cir. 1998) citing *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1322 (9th Cir. 1987.)

-7-

Richardson has refused to provide CBS with any copies of what was deposited with the Copyright Office at the time he made his applications for registration. *Undisputed Fact No.* 11.

Instead, he has produced a compact disc, which he created in response to a request to produce, containing 13 instrumental songs (the Richardson Works) and two song with both music and lyrics (the Snyder Works) that he claims were infringed. *Undisputed Fact No.* 11.

In the *Seiler* case, the contents of Seiler's work were at issue. The Ninth Circuit held that "[t]here can be no proof of 'substantial similarity' and thus of copyright infringement unless Seiler's works are juxtaposed with [movie producer George] Lucas' and their contents compared. Since the contents are material and must be proved, Seiler must either produce the original or show that it is unavailable through no fault of his own. Fed.R.Ev., Rule 1004(1)." *Seiler, supra.* at 1319.

Seiler could not do so and neither can Richardson or Snyder.

As in Seiler, the facts of this case implicate the very concerns that justify the best evidence rule.[3] Seiler alleged infringement of his drawings of science fiction fighting machines by the movie "The Empire Strikes Back," but he could produce no documentary evidence of any original drawings existing before the

---

[3] The *Seiler* Court found that even though the "best evidence rule" traditionally applied only to writings, its reasoning applied equally to things other than writings. *Seiler, supra.*, at 1319.

-8-

NOTICE OF MOTION FOR SUMMARY JUDGMENT

release of the movie. In short, Seiler claimed that the movie infringed his original drawings, yet he had no proof of those originals. *Seiler, supra.,* at 1319.

The *Seiler* Court observed that ". . . the hazards of inaccurate or incomplete duplication are the concerns addressed by the best evidence rule. See 5 Louisell & Mueller, *Federal Evidence*, § 550 at 283." *Seiler, supra.,* at 1319.

Here, since Richardson will not produce his "deposit copies," his registrations are not completely proven and he cannot prove that any infringement occurred.

V. THERE CAN BE NO COPYRIGHT INFRINGEMENT ACTION BY A HOLDER OF A COPYRIGHT AGAINST A LICENSEE OF ANOTHER HOLDER OF THE SAME COPYRIGHT

It is well-settled that, generally, joint copyright owners are deemed "tenants in common," with each owning an undivided interest in the entire copyright, and that each owner is entitled to all of the exclusive rights held by copyright owners, including the right to issue non-exclusive licenses of the work. *Chirco v. Gateway Oaks, LLC*, 2005 U.S. Dist. LEXIS 43081, 2005 WL 2284218, *5-6 (E.D. Mich. 2005)(citing, among others, *Nimmer on Copyright* § 6.09-6.10).

Therefore, "a license from a co-owner of a copyrighted work is a defense to a claim of copyright infringement brought by any other co-owner." *Bridgeport Music, Inc. v. DJ Yella Muzick*, 99 Fed. Appx. 686, 691 (6th Cir. 2004; *Piantadosiv v. Loews, Inc.,*

-9-

137 F.2d 534, 537 (9th Cir. 1943). That is, "a joint owner of a copyright . . . may grant licenses to a jointly-owned work without the consent of the other joint owners," and the licensee may exploit that work, therefore, without the explicit permission of other co-owners of the work, although the licensor may be required to account to the other co-owners of the copyright. *Thompson v. Looney's Tavern Productions, Inc.*, 204 Fed. Appx. 844, 850 (11th Cir. 2006); *Bridgeport Music Inc. v. Dimension Films*, 230 F. Supp. 2d 830, 835 (M.D. Tenn. 2002); *Geshwind v. Garrick*, 734 F. Supp. 644, 651 (S.D.N.Y. 1990) ("a joint owner of a work does not need the permission of his joint owner to use or license the work, and neither he nor a party to whom he gives permission to use the work can be held liable to the other owner for infringement.")

As to the Snyder Works, there is no dispute that what was licensed was the instrumental version of the two works that Jeeve created before the Synder Works were produced. *Undisputed Fact No. 15.*

As noted above, Richardson concedes that Jeeve is the co-owner of all 13 copyrights in the Richardson Works and that the only way that the music could have been supplied for use in ANTM was through PEN, who was authorized by Jeeve to grant non-exclusive licenses for all 13 of the Richardson Works. *Undisputed Fact Nos. 1, 5, and 6.*

-10-

NOTICE OF MOTION FOR SUMMARY JUDGMENT