1  Robert S. Besser (SBN 46541)
   Christopher Chapin (SBN 112608)
2  LAW OFFICES OF ROBERT S. BESSER
   1221 Second Street, Suite 300
3  Santa Monica, California 90401
   TEL: (310) 394-6611
4  Fax:   (310) 394-6613
   rsbesser@aol.com
5  christopherchapin@aol.com

6  Attorneys for Defendant
   CBS STUDIOS INC.
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 DELRAY RICHARDSON p/k/a DELRAY      Case No. CV12-7925 ABC (SHx)
   d/b/a DEL FUNK BOY MUSIC, an        Honorable Audrey B. Collins
12 individual, and STERLING A.
   SYNDER d/b/a/ ZION RECORDS,
13 an individual,                      OBJECTIONS TO AND MOTION TO
                                       STRIKE PORTIONS OF THE
14               Plaintiffs,           DECLARATION OF DELRAY
   vs.                                 RICHARDSON OPPOSING MOTION
15                                     FOR SUMMARY JUDGMENT
   CBS STUDIOS INC., d/b/a CBS
16 TELEVISION DISTRIBUTION, a division
   of CBS CORPORATION, a Delaware
17 corporation,

18               Defendants.           Date:  September 30, 2013
   _____/  Time:  10:00 a.m.
19                                     Ctrm:  680
                                              Roybal Building
20

21      Defendant CBS STUDIOS INC. ("CBS") makes the following

22 objections and moves to strike the following portions of the

23 Declaration of Delray Richardson in Support of Opposition to

24 Defendant's Motion for Summary Judgment:

25

26                              -1-

27 _____
          OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF
28            THE DECLARATION OF DELRAY RICHARDSON

<u>DECLARATION OF DELRAY RICHARDSON</u>

<u>Paragraph "B"</u>

Plaintiff Delray Richardson ("Richardson") states only that he has "personal knowledge of the facts which bear on this Motion." He does not say that he has personal knowledge of the facts stated in his declaration.[1]

FRCP 56 (c)(4) states: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

FRE 602 requires that a testifying witness have personal knowledge of the matter testified to.

Statements of mere belief in an affidavit must be disregarded. Rule 56(e) also requires that copies of all papers or parts thereof referred to in an affidavit be attached thereto or served therewith. To enforce this rule, the court ordinarily does not strike affidavits, but simply disregards those portions that are not shown to be based upon personal knowledge or otherwise do not comply with Rule 56(e). *Stevens v. Water Dist. One*, 561 F. Supp. 2d 1224, 1231 (D. Kan. 2008).

---

[1] Unless otherwise noted, Defendant seeks to strike the entirety of each paragraph of the Richardson Declaration that it has identified herein and any "exhibit" that is referenced therein.

-2-

1   Richardson's testimony is for the most part not admissible

2   and for an even greater part, not even relevant.  Each specific

3   objection is set forth below.

4   Paragraph C 2 and Exhibit 1.

5   Irrelevant; FRE 403.  Except that it one more time shows

6   that Richardson and Jeeve worked as equal co-writers.

7   Paragraph C 3 and Exhibit 2.

8   Irrelevant; FRE 403: The fact that Richardson previously

9   sued Jean-Yves Ducornet ("Jeeve") in small claims court has no

10   possible relevance to claims for copyright infringement.

11   Inadmissible Compromise Offers and Negotiations; FRE

12   408(a)(1) and (2):

13   Richardson may not use evidence of settlement proceedings

14   either to prove or disprove the validity of a disputed claim.

15   Not Authenticated; FRE 901

16   If documents are to be authenticated through personal

17   knowledge to support a summary judgment motion, the proponent of

18   the documents must attach them "to an affidavit that meets the

19   requirements of FRCP 56(e) and the affiant must be a person

20   through whom the exhibits could be admitted into evidence."

21   *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir.

22   1987); see also *Orr v. Bank of America, NT & SA*, 285 F.3d 764,

23   775, 774, n. 8 (9th Cir. 2002)("A document can be authenticated

24   under rule 901(b)(1) by a witness who wrote it, signed it, used

25   it, or saw others do so.") (quoting 31 Wright & Gold, *Federal*

26

-3-

27

28   OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF
     THE DECLARATION OF DELRAY RICHARDSON

*Practice & Procedure*: Evidence § 7106, 43 (2000)).

A proper foundation also may be established through means other than personal knowledge, including any of the means included in FRE 901 or permitted as self-authenticating by FRE 902 if the proper certification is affixed to the document. See FRE 902.

Richardson nowhere explains what his exhibits actually are, let alone authenticate them.  He simply inserts a number referring to one of his attached exhibits.  Richardson fails to state that the exhibits are "true and correct copies" of what they purport to be – nor does he explain why several of the exhibits are obviously incomplete.

<u>Paragraph C. 4</u>

Irrelevant; FRE 403

Inadmissible hearsay; FRE 801(c)

<u>Paragraphs C. 5 and 6; Exhibit 3 and 4</u>

The entirety of Paragraphs 5 and 6 are inadmissible hearsay, FRE 801(c).  Whatever Jeeve said out of court, since it is offered to prove the truth of what Jeeve believed, is inadmissible "opinion within hearsay."  It is therefore prohibited by FRE 701.

In addition, the attached copies of alleged emails from Jeeve to Richardson are not authenticated (Exhibits 3 and 4). FRE 901.

-4-

<u>Paragraph C. 7</u>

      Inadmissible opinion testimony; FRE 701

      Contains impermissible legal assertions and conclusions

<u>Paragraphs C. 8 and 9</u>

      Inadmissible opinion testimony; FRE 701

      Irrelevant; FRE 403

      Contains legal conclusions

<u>Paragraph 10</u>

      Irrelevant; FRE 403

      Inadmissible hearsay; FRE 801(c)

<u>Paragraphs 11 through 14 and Exhibits 6 through 11</u>

      The entireties of all paragraphs and exhibits referred to therein consist of inadmissible hearsay; FRE 403

      Exhibits 6 through 11 are also not authenticated; FRE 901

<u>Paragraph 15</u>

      First two sentences are inadmissible, immaterial and irrelevant hearsay; FRE 801(c) and 403.  Third sentence is conclusory, unsupported and inadmissible opinion; FRE 701.

<u>Paragraphs 16 through 19 and Exhibits 12 through 15</u>

      The entireties of all paragraphs and exhibits referred to therein consist of inadmissible hearsay; FRE 403

      Exhibits 12 through 15 are also not authenticated; FRE 901

<u>Paragraph 20</u>

      Inadmissible hearsay; FRE 801(c)

-5-

1   Paragraph 21

2       Exhibit 16 is incomplete (FRE 106), obviously missing many

3   pages, and there is no explanation contained anywhere in

4   Richardson's Declaration for the exclusion of pages from a

5   document he claims he got from opposing counsel.

6   Paragraphs 22 through 25 and Exhibit 17

7       Each paragraph consists almost entirely of inadmissible

8   hearsay, FRE 801(c).

9           Specifically, Paragraph 22 refers to a "letter dated

10  August 16, 2012 the Defendant counsel stated in a correspondence

11  with the plaintiffs that 'Love You So': 'This instrumental was

12  not used in episodes 105 and 109 as Mr. Richardson is claiming.'"

13  No copy of any such letter is attached.

14          Paragraph 24 refers to a cue sheet from Episode 1410

15  allegedly provided by Defendant "in discovery."  There is no cue

16  sheet for Episode 1401 attached.

17          Paragraph 25 refers to a cue sheet from Episode 807 and

18  1307.  Neither is attached.  Exhibit 17 is an unauthenticated

19  copy of what purports to be a "Mechanical License Agreement"

20  between Plaintiffs Richardson and Snyder, which is irrelevant to

21  the issues.  FRE 403.

22  Paragraphs 26 through 28

23      Again, the statements made in these paragraphs are not only

24  confusing, but represent nothing that could create an issue of

25  material fact such as to defeat a motion for summary judgment.

26
                                   -6-
27  _____

28              OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF
                  THE DECLARATION OF DELRAY RICHARDSON

Paragraphs 29 through 36

Once again, none of the documents referred to are attached to the declaration.  Mr. Richardson claims to have watched episodes of ANTM on broadcast television (the Style Network) and heard certain songs played at certain times.  At the very least, such testimony about "viewing time" does not take into consideration the fact that commercials are broadcast within the one hour episode.  Therefore, all testimony about watching episodes of ANTM on Style Network is inadmissible hearsay, FRE 801(c) and totally irrelevant, FRE 403.

Paragraph 37

No objection.

Paragraphs 38 through 44 and Exhibits

Improper argument without a stated factual basis

Inadmissible hearsay; FRE 801(c)

Paragraph 40 makes reference to an Exhibit 18, but there is no Exhibit 18 attached.

Paragraph 45

Richardson claims to have evidence "the Defendants provided testimony during their deposition that later turned out to be either misleading or completely and intentionally false. . . . The depositions will be presented at trial."

This is completely improper under FRCP 56 which requires that parties cannot hold back evidence to defeat a motion for summary judgment. *Cartwright v. Cooney*, 2013 U.S. Dist. LEXIS

-7-

1  30115 at *7 and *13 (ND Ill. 2013).

2      In truth, Plaintiffs never took any depositions.  Besser

3  Decl., ¶ 10.  Perhaps Plaintiffs, because of their in pro per

4  status, somehow do not understand the difference between

5  depositions and answers to interrogatories.  Either way,

6  Plaintiffs cannot just claim they have "evidence . . . that later

7  turned out to be either misleading . . . or false" and leave it

8  at that.

9  <u>Paragraphs 46 through 47</u>

10     Exhibit 20 (first mentioned in Paragraph 46) which seems to

11  be offered to show that Richardson and Jeeve would never license

12  one of their works without the other knowing, is insufficient to

13  show even that. It is irrelevant, unauthenticated and contains

14  inadmissible hearsay.  FRE 403, 901, 801(c).

15     The rest of the statements in Paragraph 47 lack foundation,

16  are unauthenticated and constitute inadmissible hearsay. FRE

17  801(c).

18  <u>Paragraph 48</u>

19     This testimony is contradictory to Mr. Richardson's

20  deposition testimony.  He said he did not have a duplicate of the

21  original CD he deposited with the Copyright Offices, but had

22  created one when asked for the original in discovery.  Deposition

23  of Delray Richardson, pp. 20-21.

24

25

26                                     -8-

27  _____

28

<u>Paragraph 49</u>

        To whatever fact this is intended to pertain, stating that "Mr. Ducornet lied in his Declaration . . . . In Mr. Ducornet's email he wrote . . ." is unauthenticated inadmissible hearsay.

Respectfully submitted,
Dated: September 16, 2013

LAW OFFICES OF ROBERT S. BESSER


By:   <u>/s/ Robert S. Besser</u>
      ROBERT S. BESSER
Attorneys for Defendant
CBS STUDIOS INC.

OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF
THE DECLARATION OF DELRAY RICHARDSON

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA:

COUNTY OF LOS ANGELES:

I am a member of the Bar of the State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1221 Second Street, Suite 300, Santa Monica, California 90401.

On this date, I served the foregoing document described as OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF DELRAY RICHARDSON on all interested parties in this action by:

[XX] BY MAIL:  placing a true and correct copy thereof enclosed in a sealed envelope with postage fully pre-paid and addressed as follows:

Delray Richardson, In Pro Per
Sterling A. Snyder, In Pro Per
2191 East 21st Street Box K
Signal Hill, CA 90755

I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit stated in this affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on September 16, 2013, at San Rafael, California.

/s/ Christopher Chapin
CHRISTOPHER CHAPIN

-10-

OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF
THE DECLARATION OF DELRAY RICHARDSON