Robert S. Besser (SBN 46541)
Christopher Chapin (SBN 112608)
LAW OFFICES OF ROBERT S. BESSER
1221 Second Street, Suite 300
Santa Monica, California 90401
TEL: (310) 394-6611
Fax:   (310) 394-6613
rsbesser@aol.com
christopherchapin@aol.com

Attorneys for Defendant
CBS STUDIOS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELRAY RICHARDSON p/k/a DELRAY d/b/a DEL FUNK BOY MUSIC, an individual, and STERLING A. SYNDER d/b/a/ ZION RECORDS, an individual,<br><br>                    Plaintiffs,<br>vs.<br><br>CBS STUDIOS INC., d/b/a CBS TELEVISION DISTRIBUTION, a division of CBS CORPORATION, a Delaware corporation,<br><br>                    Defendants. | Case No. CV12-7925 ABC (SHx)<br>Honorable Audrey B. Collins<br><br>DECLARATION OF ROBERT S. BESSER IN REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>Date: September 30, 2013<br>Time: 10:00 a.m.<br>Ctrm: 680<br>       Roybal Building |

I, Robert S. Besser, hereby declare:

1.   I am the lead attorney representing Defendant CBS STUDIOS INC. ("CBS") in this case. I make this declaration from personal knowledge and if called as a witness I could and would competently testify to the facts stated herein.

-1-

DECLARATION OF ROBERT S. BESSER IN REPLY
TO OPPOSITION MOTION FOR SUMMARY JUDGMENT

2.   Plaintiffs submit no evidence that Defendant "failed to meet and confer." Their only mention of the subject appears as an argument in their memorandum. Plaintiffs allege that "no conference took place at all." (Plaintiffs' Memo., p. 9, l. 10.).

3.   Plaintiffs' unsworn statements are not true.

4.   I did not falsify any part of the "FRCP 26(f) Report" filed on January 25, 2013. In fact, included in the Report is a section titled "Issues which may be resolved by Summary Judgment." In that section, Plaintiffs asserted that the copyright infringement issues in this action could not be determined on a motion for summary judgment and Defendant took the contrary position. This section was jointly drafted by me and Plaintiffs after an extensive discussion about the fact that Defendant would file a motion for summary judgment directed to the copyright issues.

5.   Since the filing of the FRCP 26(f) statement I have had at least five in person conferences (the Plaintiffs would stop by my office) with both Plaintiffs during which the motion for summary judgment was extensively discussed. On such occasions, Richardson, with no dissent from Snyder, stated to me that Plaintiffs had gathered the evidence that they would use in opposition to Defendant's motion for summary judgment and were convinced that they would prevail.

/ / /

/ / /

-2-

DECLARATION OF ROBERT S. BESSER IN REPLY
TO OPPOSITION MOTION FOR SUMMARY JUDGMENT

6. I tried, but was unable, to convince Plaintiffs that they should withdraw their claims for copyright infringement so that a motion for summary judgment would be unnecessary.

7. I also discussed the filing of a motion for summary judgment on numerous occasions with Plaintiff Richardson over the telephone. On each such occasion, Plaintiff Richardson told me that he was ready to oppose the motion for summary judgment and was confident that Plaintiffs would prevail.

8. In good faith, I considered these exchanges to constitute a sufficient "meet and confer" process under these circumstances. After all our various communications, I knew not only that Plaintiffs would never, for example, dismiss the case – which would negate the necessity for a motion for summary judgment, but also that Plaintiffs had a "bring it on" attitude toward the motion. There was no potential resolution. Any further or formal meeting and conferring would have been futile.

9. What Plaintiffs refer to as "Exhibit 16" is only a few pages from the document which was produced to Plaintiffs. Similarly, the Exhibit Plaintiffs refer to as "Exhibit 5" consists of only three pages of a document that is many more pages. As is the same with all episodes, the cue sheet for Episode 105 actually consists of four pages.

/ / /
/ / /
/ / /

-3-

DECLARATION OF ROBERT S. BESSER IN REPLY
TO OPPOSITION MOTION FOR SUMMARY JUDGMENT

10. Plaintiffs never took a deposition in this case. They did propound interrogatories to which Defendant responded.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 16, 2013 at Santa Monica, California.

_____
ROBERT S. BESSER

-4-

DECLARATION OF ROBERT S. BESSER IN REPLY
TO OPPOSITION MOTION FOR SUMMARY JUDGMENT

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA:

COUNTY OF LOS ANGELES:

I am a member of the Bar of the State of California. I am over the age of 18 and not a party to the within action. My business address is 1221 Second Street, Suite 300, Santa Monica, California 90401.

On this date, I served the foregoing document described as DECLARATION OF ROBERT S. BESSER IN REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT all interested parties in this action by:

[XX] BY MAIL: placing a true and correct copy thereof enclosed in a sealed envelope with postage fully pre-paid and addressed as follows:

> Delray Richardson, In Pro Per
> Sterling A. Snyder, In Pro Per
> 2191 East 21st Street Box K
> Signal Hill, CA 90755

I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit stated in this affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 16, 2013, at San Rafael, California.

/s/ Christopher Chapin
CHRISTOPHER CHAPIN

-5-

DECLARATION OF ROBERT S. BESSER IN REPLY
TO OPPOSITION MOTION FOR SUMMARY JUDGMENT