UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELRAY RICHARDSON p/k/a DELRAY d/b/a DEL FUNK BOY MUSIC, an individual, and STERLING A. SNYDER d/b/a ZION RECORDS, an individual,<br><br>           Plaintiffs,<br><br>     v.<br><br>CBS STUDIOS INC. d/b/a CBS TELEVISION DISTRIBUTION, a division of CBS CORPORATION, a Delaware corporation,<br><br>           Defendant. | CASE NO.: CV 12-7925 ABC (SHx)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Pending before the Court is Defendant CBS Studios Inc.'s Motion for Summary Judgment or, in the alternative, for Partial Summary Judgment on the Issue of Plaintiffs' Damages, filed on August 26, 2013. (Docket No. 30.) Pro se Plaintiffs Delray Richardson p/k/a Delray d/b/a Del Funk Boy Music and Sterling A. Snyder d/b/a Zion Records opposed on September 6 (Docket No. 33) and Defendant replied on September 16 (Docket No. 36).[1] The Court finds this matter

---

[1] As a supporting document to the Reply, Defendant filed "Objections to and Motion to Strike Portions of the Declaration of
(continued...)

appropriate for resolution without oral argument and **VACATES** the September 30, 2013 hearing date.  Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons below, the Court **GRANTS** the motion.

I.   **BACKGROUND**[2]

Plaintiffs filed this copyright infringement action on September 13, 2013, alleging eight causes of action. (Docket No. 1.)  On November 6, 2012, the Court granted Defendant's unopposed motion to dismiss and dismissed claims four through eight with prejudice. (Docket No. 10.)  As a result, only three causes of action remain, which are the subject of this motion: (1) copyright infringement; (2) contributory copyright infringement; and (3) vicarious copyright infringement.

In the complaint, Plaintiffs allege that Defendant infringed Plaintiffs' copyrights in 15 musical works -- 13 of Plaintiff

---

[1](...continued) Delray Richardson," which requests that the Court "strike the entirety of each paragraph of the Richardson Declaration" identified by Defendant and any exhibit referenced therein. (Docket No. 36-5 at 2, n.1.)  Defendant does not cite any authority in support of its motion to strike and, to the extent Defendant relies on Federal Rule of Civil Procedure 12(f), that rule only applies to pleadings, not declarations. Fed. R. Civ. P. 12(f) ("The Court may strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added).  A Rule 56(c)(2) objection "functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike."  Advisory Committee Note to Fed. R. Civ. P. 56.  Therefore, the Court considers Defendant's objections, but **DENIES** Defendant's motion to strike. As such, Plaintiffs' opposition to Defendant's motion to strike, filed on September 23, 2013, is **MOOT**. (Docket No. 31.)

[2]   The facts below are taken from the evidence presented in support of and in opposition to the motion and are undisputed unless otherwise noted.

2

Richardson's works and two of Plaintiff Snyder's works. Compl. ¶¶ 10, 12, 14, 16, Ex. A. Plaintiffs' opposition, however, reduces the number of allegedly infringing works to six:

- **Richardson's works**: "Love You So," "I Don't Care," "ODB," "The Streets," "Bumpin"
- **Snyder's works:** "Mr. Ex. Feat Delray"

(Pl. Separate Statement of Undisputed Facts ["Pl. SUF"] 1-8; Reply at 5.)

All infringements are alleged to have occurred as a result of the use of small portions of the music (without lyrics) in a few episodes of the television series "America's Next Top Model" ("ANTM"). Compl., Ex. A; Mem. at 3. The instrumental versions of Plaintiffs' works were originally created by Jean-Yves Ducornet ("Jeeve"), who is a composer and one-half owner of the copyrights that Plaintiffs allege have been infringed. (Def. Separate Statement of Undisputed Facts ["Def. SUF"] 1.)

At all relevant times, PEN Music Group, Inc. ("PEN") administered Jeeve's catalog of musical works and had the right to provide non-exclusive licenses of any or all of Jeeve's works to third parties. (Def. SUF 2.)[3] Jeeve delivered certain of his musical works (created either alone or with Richardson) to PEN and PEN in turn delivered each of the works to Anisa Productions, Inc. (formerly known as Supermodel, Inc.) for review and decision about whether and how much of the songs

---

[3] Plaintiffs attempt to dispute this fact by claiming Plaintiff Richardson and Jeeve have "always operated under their 1998 agreement" (Pl. Resp. to Def. SUF 2), but that agreement only applies to songs "produced by both parties under the company name of PAPERWORK PRODUCTIONS." (Declaration of Delray M. Richardson ¶ 2, Ex. 1.) Nothing in the record indicates these songs fell within the scope of the 1998 agreement.

3

to use on ANTM. (Def. SUF 3.) After the ANTM producers selected tracks for use on ANTM, PEN would issue non-exclusive licenses for those tracks. (Def. SUF 4.) In deposition, Plaintiff Richardson testified that he did not "know the totality" of what PEN gave to the ANTM producers. (Def. SUF 5.) Plaintiffs do not claim that the ANTM producers secured any of their works from any other source. (Def. SUF 6.)[4] CBS ultimately received the copyrights to all episodes of ANTM, including rights to the music used therein. (Def. SUF 7.)

The alleged infringements of "Love You So" and "I Don't Care" occurred in Episodes 1, 5, and 9 of Season 1 of ANTM, the latest of which (Episode 9) was first broadcast on July 8, 2003. (Def. SUF 17.) Plaintiff Richardson's copyrights for "Love You So" and "I Don't Care" were not registered until 2004. (Def. SUF 13; Compl. Ex, B.)

The alleged infringement of "Mr. EX Feat Delray" first occurred in Episode 11 of Season 2, broadcast in 2004 and Episode 7 of Season 8, broadcast in 2007. (Def. SUF 18.)[5] Only the instrumental portion of the song (created by Jeeve before Zion[6] added vocals) was used on

---

[4] Plaintiffs dispute this fact on the grounds that "Defendant has no license authorizing the use of 'Love You So' or 'I Don't Care' in episode 105 or 109 copyright # PAu2-864-138, among others." (Pl. Resp. to Def. SUF 6.) This response fails to dispute the stated fact that Plaintiffs do not claim that ANTM producers secured their works from any other source besides PEN.

[5] Plaintiffs attempt to dispute these dates by referencing the release date of Zion's album and ANTM episodes downloaded from iTunes. (Pl. Resp. to SUF 18.) Neither the Zion album nor the ANTM episodes are in the record and, in any event, Plaintiffs have not shown they have personal knowledge of the broadcast dates for the specified ANTM episodes.

[6] Plaintiff Snyder is the Chief Financial Officer for Zion Records, Inc., an independent label that financed the artist Zion's self-titled debut album in which Snyder claims "Mr. EX feat Delray"
(continued...)

ANTM. (Def. SUF 16.) The remaining Richardson and Jeeve works, which are presumably encompassed within the copyright for "Delfunkboy Music & Paperwork Products tracks library,"[7] were not registered until 2012. Id.

In response to Defendant's SUF 14 that "Plaintiffs do not have any admissible proof that they suffered any loss because of the alleged infringements," Plaintiffs counter that they "have suffered the loss of ASCAP royalties and licensing fees as a result of the Defendant's infringements." (Pl. Resp. to Def. SUF 14.) Plaintiffs also submit a Best Buy receipt and articles about ANTM to argue that "Defendant CBS has generated substantial profits through direct content licensing deals with such companies as Amazon.com, NetFlix, and NBC/Universal. Defendant continues to generate substantial revenue streams through direct sales of iTunes digital downloads of infringing [ANTM] episodes as well as revenue streams from BestBuy.com related to DVD sales of entire seasons of episodes of [ANTM.]" (Opp. at 16.)

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "A trial court can

---

[6](...continued)
appears. (Declaration of Sterling Snyder at 2.)

[7] This copyright does not list the titles of the specific songs in the library.

only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) ("[The non-moving party] can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a rational trier of fact to find in its favor.") (citations omitted).

Both parties must support their factual positions by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Conclusory, speculative testimony in affidavits or moving papers is insufficient to raise genuine issues of fact to defeat summary judgment. See Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment").

**III. DISCUSSION**

    **A. Local Rule 7-3**

    Before reaching the merits, the Court considers Plaintiffs'

argument that Defendant failed to comply with Local Rule 7-3, which requires a conference of counsel at least seven days prior to filing a motion. (Opp. at 8-10.) The Court has reviewed Defendant's counsel's declaration and is persuaded that Plaintiffs have had sufficient notice of this motion and that the substance of the motion was discussed during several in person conferences. (Declaration of Robert S. Besser ¶¶ 4-5.) Plaintiffs have not been prejudiced by Defendant's failure to specify an exact date on which the most recent conference of counsel occurred. The Court is convinced that, given Plaintiffs' attitude towards the motion as described by Mr. Besser, further conferences would not have obviated the need for the motion. Id. ¶ 8. As such, the Court waives strict compliance with Local Rule 7-3 under the circumstances.

### B. Defendant Obtained Non-Exclusive Licenses From Jeeves, a Co-Owner of the Copyrighted Work

The Copyright Act vests a copyright owner with the exclusive right to reproduce, distribute copies of, and prepare derivative works based upon the copyrighted work. 17 U.S.C. § 106. To prevail on a copyright infringement claim, a plaintiff must show (1) ownership of a valid copyright and (2) copying of the original elements of the protected work. See Feist Publications v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

Joint copyright owners are deemed "tenants in common" with each owning an undivided interest in the entire copyright. See Nimmer on Copyright § 6.09; Fantasy, Inc. v. Fogerty, 654 F.Supp. 1129, 1131 (N.D. Cal. 1987) ("As joint owners of such exclusive rights as reproduction, preparation of derivative works, public performance, and distribution and sale, each co-owner has 'an independent right to use

7

or license the use of the copyright.'") (citing Oddo v. Ries, 743 F.2d 630, 633 (9th Cir. 1984)).

"Besides exploiting the work personally, a joint author may equally grant licenses to third parties." Nimmer on Copyright § 6.10[A][2][a], citing Meredith v. Smith, 145 F.2d 620, 621 (9th Cir. 1944) (co-owner had the right to give permission to third party to publish book). Such licenses may be exclusive or nonexclusive. Nimmer § 6.10[A][2][b] and [c]. In answering the question of "whether a third party licensed to use a copyrighted work by one co-owner incurs liability for infringing the copyright to other co-owners who gave no consent," the Ninth Circuit has held that the third party "received a valid license to use the song, a good defense to a suit by [the] co-owner[.]" Piantadosi v. Loew's, Inc., 137 F.2d 534, 537 (9th Cir. 1943).[8]

Jeeve is the co-owner of all of the works at issue and authorized PEN to grant non-exclusive licenses for use of the works in ANTM. (Def. SUF 1, 5, 6.) Plaintiffs attempt to dispute this fact by asserting that they "have evidence that the Defendant breached this license or didn't have a license at all." (Opp. at 15.) Yet Plaintiffs fail to provide any citation to the record, and the Court

---

[8] Though not at issue in this copyright action against CBS, each co-owner has a duty to account for and share profits from licensing. Oddo, 743 F.2d at 633 ("A co-owner of a copyright must account to other co-owners for any profits he earns from licensing or use of the copyright . . . but the duty to account does not derive from the copyright law's proscription of infringement. Rather, it comes from 'equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners.'"). Indeed, it appears Plaintiff Richardson may have already attempted to obtain profits from licensing by suing Jeeve and Michael Eames, President of PEN, in two separate lawsuits in small claims court. (Richardson Decl. ¶¶ 3, 10 Exs. 2, 6.)

has found no factual support for this claim. U.S. v. Kitsap Physicians Serv., 314 F.3d 995, 999 (9th Cir. 2002) ("[A] district court is 'not required to comb the record to find some reason to deny a motion for summary judgment.'"), citing Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001).

As to the Snyder works, there is no dispute that Jeeve licensed the instrumental version of the works he created before the Synder works in the Zion album were produced. (See Def. SUF 16.) Plaintiffs' arguments that the "Zion album was released in 2003 with the circle c copyright notice 2003" and that "[a]ll infringing performances took place after her album was published" (Pl. Resp. to Def. SUF 16) do not dispute the fact that only the instrumental portion of the song (before Zion added lyrics) was used under the non-exclusive license granted by Jeeve. Defendant obtained valid, non-exclusive licenses from Jeeve and therefore has a good defense to Plaintiffs' suit. As such, Plaintiffs cannot prevail on their claims for direct, contributory, or vicarious copyright infringement as a matter of law.

**C. Plaintiffs Have Failed to Introduce Admissible Evidence to Support Their Copyright Infringement Claims**

Plaintiffs' copyright infringement claims also fail because Plaintiffs have not carried their burden of introducing admissible evidence to show there is a genuine issue of material fact for trial. As a general matter, Plaintiffs' papers are a jumbled mish-mash of inadmissible statements and documents, many of which have no relevance to the dispute before the Court. "Judges are not like pigs, hunting for truffles buried in briefs." Smith v. Marsh, 194 F.3d 1045, 1052 n.5 (9th Cir. 1999) (citations omitted). In this section, the Court

addresses the major evidentiary issues that justify granting summary judgment in Defendant's favor.

### 1. Plaintiffs Have Not Produced the Allegedly Protected and Accused Works

The best evidence rule provides that the original of a "writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. The rule's application turns on "whether contents are sought to be proved." Fed. R. Evid. 1002, Advisory Committee's note. "Copyright, defamation, and invasion of privacy by photograph or motion picture falls [sic] in this category." Id. "Whether derived as interpretation of the best evidence rule or simply a requirement of summary judgment standards, courts have required the non-moving party with the burden of proof in copyright cases to produce the alleged infringed and infringing products for comparison purposes at the summary judgment stage." Berkla v. Corel Corp., 66 F.Supp.2d 1129, 1139-40 n.11 (E.D. Cal. 1999) ("Since [plaintiff] bears the burden of production, he will bear the result of non-production."); Seiler v. Lucasfilm, Ltd., 808 F.2d 1316, 1318-20 (9th Cir. 1986) ("The contents of Seiler's work are at issue. There can be no proof of 'substantial similarity' and thus of copyright infringement unless Seiler's works are juxtaposed with Lucas' and their contents compared.").

Rather than produce the actual ANTM episodes in which they claim their copyrights were infringed together with the copyrighted works, Plaintiffs' declarations simply recount their review of certain ANTM episodes, including, by way of example:

- "On July 17th 2011, in a telephone conversation, I informed Mr. Ducornet that he [sic] had personally heard more of their [sic] music performed on [ANTM] in episodes 101, 105,

       and 109, but none of the titles were listed on the cue sheet." (Richardson Decl. ¶ 4.)

- "I have personally witnessed that 'Bumpin' is also performed in episode 510 as recent [sic] as 04/04/2013 from 5pm until 6pm on the Style Network. The SOURCE relied upon for this claim is the Style Network." (Id. ¶ 29.)

- "'Bumpin' is also performed in episode 703. The SOURCE relied upon for this claim is the Style Network." (Id. ¶ 30.)

- "'Bumpin' is performed in episode 1003 from 30:12 until 30:23. The SOURCE relied upon for this claim is the iTunes download sold by Defendant after viewing episode 1003 on the Style Network." (Id. ¶ 31.)

- "'Bumpin' is performed absolutely in Cycle 5, 7, 10 and 14 without properly being licensed or credited." (Id. ¶ 36.)

- "Through our investigation, we found that music from the 'Master Recordings' was and still to date are [sic] being played on [ANTM] without our permission. [ANTM] first played it during its first episode, which aired in or around May 2003." (Declaration of Sterling A. Snyder at 3.)

Plaintiffs' testimony violates the best evidence rule. The ANTM episodes that they allegedly viewed are recordings and the foregoing statements are offered to prove the truth of the "contents" of those episodes, i.e., that the episodes contained Plaintiffs' works. Because Plaintiffs have not submitted any original or reproduction of their alleged copyrighted works or the ANTM episodes in which they claim their copyrights were infringed, the Court cannot engage in a side-by-side comparison of the allegedly protected and accused works. See Stewart v. Wachowski, 574 F.Supp.2d 1074, 1103 (C.D. Cal. 2005) (in copyright infringement action, plaintiff's "failure to submit the Terminator and Matrix films in opposition to the motions necessitates the entry of summary judgment against her"). Nor can the Court confirm that the songs at issue are in fact the copyrighted works, especially in the case of the copyright "Delfunkboy Music & Paperwork Products tracks library," which presumably contains "ODB," "The

11

Streets," and "Bumpin," although no evidence has been presented to support this claim.

On this sparse record, the Court cannot find a genuine dispute of material fact exists as to Plaintiffs' ownership of a valid copyright or copying of the original elements of the protected work. On this basis alone, the Court grants summary judgment in favor of Defendant.

### 2. Hearsay

Next, Plaintiffs' declarations are rife with hearsay. To defeat summary judgment, Plaintiffs "must respond with more than mere hearsay and legal conclusions." Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1104 (9th Cir. 1986) (affirming grant of summary judgment where plaintiff failed to present "significant probative evidence tending to support the complaint"). The court will not consider inadmissible hearsay in an affidavit to defeat summary judgment. Kim v. United States, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (affirming district court's rejection of affidavit in opposition to summary judgment that was not based on personal knowledge and relied on inadmissible hearsay).

In violation of the rule against hearsay, both declarations offer out-of-court statements to prove the truth of the matters asserted, including but not limited to:

- Jeeves' statements that the cue sheets were "all wrong," "laced with mistakes," "completely off," and could "open up 'Pandora's Box.'" (Richardson Decl. ¶¶ 5-6, Exs. 3 and 4.)

- Statements about Richardson's small claims court cases against Eames and PEN, including the judge's alleged comment that "this is a copyright case in which CBS is liable[.]" (Id. ¶¶ 11-14, Exs. 6-11.)

- Richardson's alleged conversations with Defendant about falsified cue sheets and his suspicions about who is responsible and speculation about their motivations. (Id. ¶¶ 16-19, Exs. 12-15.)

12

- "On the Cue Sheet for episode 1410 Mr. EX is used but under a different name." (Snyder Decl. at 4.)

The foregoing statements are inadmissible hearsay. In addition, the statements regarding falsified cue sheets lack foundation as they are not based on personal knowledge and also violate the best evidence rule as the cue sheets themselves are the best evidence of their contents and the vast majority of them are not attached to Plaintiffs' opposition. Fed. R. Evid. 602, 1002.

### 3. Authentication

"Authentication is a 'condition precedent to admissibility' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" Orr v. Bank of America, NT & SA, 285 F.3d 764, 775, 773(9th Cir. 2002) (citing Fed. R. Evid. 901(a) and affirming grant of summary judgment where plaintiff's evidence in opposition to defendant's summary judgment motion was inadmissible due to inadequate authentication and hearsay). "[U]nauthenticated documents cannot be considered in a motion for summary judgment." Id. (citations omitted). "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." Id. at 774 n.8 (quotation omitted). If documentary evidence is cited as the source of a factual allegation, the documents must be attached to the affidavit or declaration. School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993) (in the absence of documentation, affidavits were "nothing more than an attorney's argument lacking evidentiary support").

For many exhibits, Plaintiff Richardson does not explain what the exhibits actually are or state that they are copies of what they

13

purport to be. See, e.g., Richardson Decl. ¶¶ 5-6, Exs. 3-4 (unauthenticated copies of alleged emails from Jeeve to Richardson); ¶¶ 17-18, Ex. 12 (unauthenticated LinkedIn profile of Donald Steever), Ex. 14 (unauthenticated March 1, 2011 "billboardbiz" article by Ed Christman), Ex. 15 (unauthenticated pages from a cue sheet for episode 1005 of ANTM). Although Richardson attempts to remedy this issue in his opposition to Defendant's motion to strike by stating that "[a]ll of [his] exhibits attached to his declaration are 'true and correct copies'" (Docket No. 37), upon review of the exhibits, that is simply not true.

Judging from the bates-stamp, some of the exhibits are obviously incomplete. See, e.g., Richardson Decl., Ex. 15 (contains only one cue sheet bates-stamped 1005 despite Richardson's representation that it contains many); Ex. 16 (begins with bate-stamps CBS 00001-00004, then jumps to CBS 00014, 00017, 00027 without explanation).

Exhibits 13 and 18 to the Richardson declaration are missing altogether and other exhibits referenced in the declaration are not attached at all. See, e.g., Richardson Decl. ¶ 22 [referring to a "letter dated August 16, 2012" which is not attached], ¶ 24 [referring to a cue sheet for ANTM episode 1410, which is not attached], ¶ 25 [referring to cue sheets for ANTM episodes 807 and 1307, which are not attached].)

Plaintiffs' unauthenticated and missing exhibits cannot contradict Defendant's showing in support of summary judgment.

**4. Relevance**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiff Richardson's declaration attaches numerous exhibits that are not relevant. For example, Exhibit 1 purports to be an agreement between Richardson and Jeeves as to "songs produced by both parties under the company name of PAPERWORK PRODUCTIONS." (Richardson Decl. ¶¶ 2, 46, Ex. 1.) However, nothing in the record indicates that the songs at issue in this motion were produced by PAPERWORK PRODUCTIONS.

Similarly, Exhibit 7 appears to be a synchronization license for use of musical compositions in a motion picture called "Meet the Family." (Id. ¶ 11, Ex. 7.) Exhibit 8 appears to be an email communication dated January 19, 2005, regarding the cue sheet for "Meet the Family." (Id. ¶ 12, Ex. 8.) Plaintiffs do not explain the relevance of these "Meet the Family" documents, which concern events about six years before the email in Exhibit 9 referencing Plaintiffs' alleged copyrighted works appearing on ANTM episodes.

The Court has not given any weight to exhibits that bear no relevance to the action.

### 5. Plaintiffs Cannot Wait Until Trial to Present Their Evidence

Finally, Richardson's declaration states that he has "evidence the Defendants provided testimony during their deposition that later turned out to be either misleading or completely and intentionally false. . . . The depositions will be presented at trial." (Richardson Decl. ¶ 45.) However, he does not indicate what that evidence is. In fact, Defendant's counsel states that "Plaintiffs never took a deposition in this case." (Besser Decl. ¶ 10.)

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

15

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is warranted because Plaintiffs, the non-moving parties, have failed to produce enough evidence to create a genuine issue of material fact.

The issues that the Court has identified in this section are only a sampling of the evidentiary shortcomings that plague Plaintiffs' opposition and supporting documents. The Court finds that Plaintiffs have not come close to meeting their burden to produce admissible evidence to avoid summary judgment.

### D. The Court Need Not Reach the Issue of Damages

The Court's ruling that Defendant obtained from Jeeve non-exclusive licenses for the instrumental snippets used in the ANTM episodes at issue in this case is dispositive. Even if that were not the case, Plaintiffs have not produced sufficient evidence to preclude summary judgment on the issue of copyright liability. As such, the Court need not reach the issue of partial summary judgment as to damages.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** September 25, 2013  _____
         **AUDREY B. COLLINS**
         **UNITED STATES DISTRICT JUDGE**